# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

FREEDOM WATCH, Inc.
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC 20006

                                 **Plaintiff,**

      v.

DEPARTMENT OF STATE
2201 C Street NW
Washington, D.C. 20520

DEPARTMENT OF THE TREASURY
1500 Pennsvlvania Avenue, NW
Washington, D.C. 20220

BOARD OF GOVERNORS
FEDERAL RESERVE BOARD
20th Street and Constitution Avenue, NW
Washington, D.C.  20551

CENTRAL INTELLIGENCE AGENCY
Washington, D.C. 20505

NATIONAL SECURITY AGENCY
9800 Savage Road
Fort Meade, M.D. 20755

DEPARTMENT OF DEFENSE
1400 Defense Pentagon
Washington, D.C. 20301-1400

DEPARTMENT OF COMMERCE
1401 Constitution Ave., NW
Washington, D.C. 20230

                               **Defendants.**

## COMPLAINT

Plaintiff Freedom Watch, Inc. brings this action against the Department of State, the Department

of Treasury, the Board of Governors of the Federal Reserve, the Central Intelligence Agency, the

National Security Agency, the Department of Defense, and the Department of Commerce, to

compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds

therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28

    U.S.C.  §1331.  Venue is proper in this district pursuant to 28 U.S.C. §1391(e).

## PARTIES

2.  Plaintiff Freedom Watch is a non-profit, public interest foundation organized under the

    laws of the District of Columbia and having its principal place of business at 2020

    Pennsylvania Ave., NW Suite 345, Washington, DC, 20006.  Plaintiff seeks to promote

    openness within the federal government and their actions.

3.  Defendants are agencies of the United States Government. Defendants have possession,

    custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

4.  On January 23, 2012 Plaintiff sent a FOIA request, via facsimile and the mail, to

    defendants seeking records about sanctions directed toward the country of the Islamic

    Republic of Iran.  Specifically, Plaintiff sought:

    ".. all correspondence, memoranda, documents, reports, records,
    statements, audits, lists of names, applications, diskettes, letters, expense logs and
    receipts, calendar or diary logs, facsimile logs, telephone records call sheets, tape
    recordings, video/movie recordings, notes, examinations, opinions, folders, files, books,
    manuals, pamphlets, forms, drawings, charts, photographs, electronic mail, and other
    documents and things that refer or relate to the following in any way, within (10)
    business days as set forth below:

1. International sanctions (diplomatic, economic, military, or otherwise) created and/or signed into law by the United States, United States or the European Union against the country of Iran;
2. International sanctions (diplomatic, economic, military, or otherwise) created and/or signed into law by the United States against the country of China;
3. International sanctions (diplomatic, economic, military, or otherwise) created and/or signed into law by the United States against the country of Valenzuela;
4. International sanctions (diplomatic, economic, military, or otherwise) created and/or signed into law by the United States against the country of Russia;
5. Waivers or other exceptions granted to international sanctions for the country of Iran;
6. Waivers or other exceptions to international sanctions granted to any country that has relations with China;
7. Waivers or other exceptions to international sanctions granted to any country that has relations with Venezuela;
8. Waivers or other exceptions to international sanctions granted to any country that has relations with Russia;
9. Dissolution of sanctions that were in place with Iran;
10. Dissolution of any sanctions that were in place with China;
11. Dissolution of any sanctions that were in place with Venezuela;
12. Dissolution of any sanctions that were in place with Russia;
13. Any reports filed or received under the Comprehensive Iran Sanctions, Accountability, and Divestment Act, 22 U.S.C. § 8501 et. seq.
14. Presidential Waivers granted in accordance with 22 U.S.C. § 8551(b) of the Comprehensive Iran Sanctions, Accountability, and Divestment Act;
15. Any reports filed in conjunction with the Presidential Waivers granted in accordance with 22 U.S.C. § 8551(b);
16. Executive Orders allowing for waivers or exceptions to sanctions for any country;
17. Any and all documents related to the implementation of Executive Order 13553, which authorized the Secretary of State to grant waivers under 22 U.S.C. § 8551(b);
18. Any and all waivers granted by and/or through Secretary of State Hillary Clinton as authorized by 22 U.S.C. § 8551(b) and Executive Order 13553;
19. Any and all persons authorized by Secretary of State Hillary Clinton to grant waivers under 22 U.S.C. § 8551(b) as authorized by Executive Order 13553;
20. Any and all persons authorized by Secretary of the Treasury Timothy Geithner to grant waivers under 22 U.S.C. § 8551(b) as authorized by Executive Order 13553;
21. Lists of domestic or foreign financial institutions found to have been facilitating the efforts of the Government of Iran (including efforts of Iran's Revolutionary Guard Corps or any of its agents or affiliates) as described in 22 USC § 8513(c)(1);
22. Any and all communications between the office of Secretary of State Hillary Clinton and the office of Secretary of the Treasury Timothy Geithner;
23. Any and all communications between the office of Secretary of State Hillary Clinton and the White House;
24. Any and all communications between the office of Secretary of Treasury Timothy Geithner and the White House;
25. Any and all orders to delay the implementation of sanctions ordered or recommended by the Obama Administration;

26. Any and all orders to delay the implementation of sanctions ordered or recommended by the Secretary of State Hillary Clinton;

27. Any and all orders to delay the implementation of sanctions ordered or recommended by the Secretary of the Treasury Timothy Geithner;

28. Treaties allowing for waivers or exceptions to sanctions for any country participating in trade or other relations with Iran;

29. Any and all orders or documents originating or signed by the Obama Administration regarding international sanctions on Iran;

30. Any and all orders or documents originating or signed by Secretary of State Hilary Clinton regarding international sanctions on Iran;

31. Any and all orders or documents originating or signed by Secretary of the Treasury Timothy Geithner regarding international sanctions on Iran;

32. Any and all communications to or from President Obama, his administration, or the White House in general regarding Iran;

33. Any and all communications to or from President Obama, his administration, or the White House in general regarding China;

34. Any and all communications to or from President Obama, his administration, or the White House in general regarding Venezuela;

35. Any and all communications with President Obama, his administration, or the White House in general regarding Russia;

36. Any and all communications to or from Secretary of State Hillary Clinton, or her employees, regarding Iran;

37. Any and all communications to or from Secretary of State Hillary Clinton, or her employees, regarding China;

38. Any and all communications to or from Secretary of State Hillary Clinton, or her employees, regarding Venezuela;

39. Any and all communications to or from Secretary of State Hillary Clinton, or her employees, regarding Russia;

40. Any and all communications to or from Secretary of the Treasury Timothy Geithner, or his employees, regarding Iran;

41. Any and all communications to or from Secretary of the Treasury Timothy Geithner, or his employees, regarding China;

42. Any and all communications to or from Secretary of the Treasury Timothy Geithner, or his employees, regarding Valenzuela;

43. Any and all communications to or from Secretary of the Treasury Timothy Geithner, or his employees, regarding Russia;

44. Any and all communications to or from Ben Bernanke, Chairman of the Federal Reserve, or his employees regarding Iran;

45. Any and all communications to or from Ben Bernanke, Chairman of the Federal Reserve, or his employees regarding China and Iran;

46. Any and all communications to or from Ben Bernanke, Chairman of the Federal Reserve, or his employees regarding Venezuela and Iran;

47. Any and all communications with Ben Bernanke, Chairman of the Federal Reserve, or his employees regarding Russia and Iran;

48. Any and all communications to or from the Democratic National Committee or its employees regarding Iran;

4

49. Any and all communications to or from the Democratic National Committee or its employees regarding China and Iran;

50. Any and all communications to or from the Democratic National Committee or its employees regarding Venezuela and Iran;

51. Any and all communications to or from the Democratic National Committee or its employees regarding Russia and Iran.

52. Any and all documents and things that refer or relate to the imprisonment, torture, rape, or execution in Iran from 1992 to present of perceived opponents of the Islamic regime, including, but not limited to the imprisonment, torture, hospitalization and execution of Akbar Mohammadi, the student leader who advocated and worked for regime change, and his brother, Manoucher Mohammadi;

53. Any and all documents and things that refer or relate to the imprisonment, torture, rape, or execution in Iran from 1992 to present of gay, lesbian, transgender, or bisexual people;

54. Any and all communications between President Obama, the Obama Administration, or the White House and Israel regarding the sanctions placed on Iran;

55. Any and all communications between the State Department and Israeli government and non-government interests regarding the sanctions placed on Iran;

56. Any and all communications between the Secretary of the Treasury Timothy Geithner or his employees and Israeli government and non-government interests regarding the sanctions placed on Iran;

57. Any and all enumerated documents and things analyzing whether sanctions will cause Iran not to pursue nuclear weapons and/or cease persecution, jailing, torturing, raping and executing perceived dissidents to the Islamic regime; i.e. whether the sanctions are "working";

58. Any and all enumerated document and things which refer or relate to decisions not to pursue other remedies, other than sanctions, against Iran, including but not limited to the use of military force to remove and destroy the Islamic regime and/or its nuclear weapons program;

59. Any and all persons and entities who and which have been doing business with Iran in violation of the sanctions in place against Iran;

60. Any and all enumerated documents which refer or relate in any way to President Obama Vice President Biden, Hillary Clinton, Timothy Geithner and other administration officials, and Federal Reserve Chairman Bernanke concerning Iran from 1992 to the present;

61. Any and all enumerated documents and things which refer or relate in any way to the Islamic leadership in Iran, including but not limited to its president and supreme leader from 1992 to the present;

62. Any and all enumerated documents and things which refer or relate in any way to communications with Republican politicians including but not limited to congressman and senators concerning Iran, from 2008 to the present;

63. Any and all enumerated documents and things which discuss Iran in the context of American politics and/or elections from 1992 to the present."

5.  Plaintiff requested a fee waiver and expedited processing in accordance with the procedures set forth under the regulations of each agency.

6.  The records Plaintiff seek are of urgent importance and are in the extreme public interest. The American people need to be informed expeditiously through disseminations by Freedom Watch of the requested records, as it affects their immediate well being, economically and otherwise.

7.  Between January 31, 2012 and February 14, 2012 Plaintiff received letters through the mail from Defendants acknowledging receipt of Plaintiff's FOIA requests.

8.  Pursuant to 5 U.S.C. § 552 (a)(6)(A) Defendant was required and failed to respond to Plaintiff's FOIA requests within ten (10) working days for expedited processing, February 6, 2012, or even the standard twenty (20) days, February 21, 2012.

9.  As of the date of this Complaint, Defendants have failed to produce any records responsive to the request or demonstrative that the responsive records are exempt from production. Nor have they indicated whether or when any responsive records will be produced. In sum, Defendants have failed to respond to the requests in any substantive manner.

10. Because Defendants failed to comply with the time limits set forth in 5 U.S.C. §552(a)(6)(C), Plaintiff is deemed to have exhausted any and all administrative remedies with respect of its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
**(Violation of FOIA, 5 U.S.C § 552, et. seq.)**

11. Plaintiff realleges paragraphs1 through 10 as if fully stated herein.

6

12. Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552, et. seq.

13. Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform to the requirements of this law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) Order Defendants to conduct expedited searches for any and all responsive records to Plaintiff's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendants to expeditiously produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff any other relief as the Court deems just or proper.

Dated: February 24, 2012

Respectfully Submitted,

Larry Klayman, Esq.
D.C. Bar No. 334581
Chairman & Chief Counsel
Freedom Watch
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

7